DANIEL G. BOGDEN
United States Attorney
CARLA B. HIGGINBOTHAM (NSBN 8495)
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    vs.<br><br>ERNESTO JOSHUA RAMOS,<br><br>           Defendant. | Case No. 2:15-cr-00267-GMN-CWH<br><br>STIPULATION AND ORDER FOR PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. PRO. 16(d)(1) AND 18 U.S.C. § 3771 |

It is hereby stipulated and agreed, by and between DANIEL G. BOGDEN, United States Attorney, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, counsel for the United States, and GABRIEL L. GRASSO, counsel for the defendant, ERNESTO JOSHUA RAMOS, that a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1), should be entered that will appropriately set guidelines for defense's use and treatment of certain sensitive information and documents that the government may disclose related to the victim in this matter. This stipulation is based upon the following:

1. Defendant is charged in a one-count indictment with the a violation of 18, United States Code, Section 1952(a)(3), which makes it a crime to use a facility of interstate commerce to promote the crime of extortion. The case involves the alleged extortion by Defendant of the victim related to personal sexual activities that were secretly recorded by a third party and provided to Defendant.

///

///

2. In order to protect the victim's privacy and to avoid subjecting the victim to unnecessary psychological harm and emotional distress, which would arise from the disclosure of certain information related to this case, the parties stipulate to the entry of an order to protect the confidentiality of documents disclosed by the government, to prohibit use of the victim's full name or personally identifiable information, including information related to his employment, in papers and documents not sealed by Order of this Court, and to limit all references to the victim at public hearings to the pseudonym, "Victim 1."

3. The Crime Victims' Rights Act of 2004 provides specific rights to victims of crime. Specifically, the Act states that a crime victim has "the right to be reasonably protected from the accused," and "the right to be treated with fairness and with respect for the victim's *dignity* and *privacy*" throughout the court proceedings. 18 U.S.C. § 3771(a)(1) & (8) (emphasis added). A court may enter a protective order related to criminal discovery based on a showing of good cause. Fed. R. Crim. Pro. 16(d)(1). District courts in the Ninth Circuit have held that the need to protect a victim's dignity and privacy during a pending criminal prosecution is sufficient to establish good cause for the entry of a protective order. *See e.g., United States v. Patkar*, 2008 WL 233062, *3 (D. Haw., Jan. 28, 2008) (holding that protection of victim's dignity and privacy provided good cause to support protective order in extortion case) (unpublished opinion provided for demonstrative purposes). Although the defense stipulates to the entry of this protective order, it does not specifically stipulate to the applicability of the above-described legal basis and reserves the right to challenge said law in any future motions regarding this order.

4. Based on the nature and circumstances of the alleged extortion in this case, there is good cause to support the entry of the protective order in order to protect the dignity and privacy of the victim, as well as his family. Specifically, without the entry of the stipulated protective order, the materials that comprise the basis of the alleged extortion could be revealed violating Victim 1's privacy and causing harm to Victim 1's reputation, privacy, and dignity and causing substantial harm to Victim 1's family.

5. The parties agree that either party may move to modify this protective order at any time if circumstances in this case change.

6. Defendant knows who Victim 1 is and the protective order requested will not hinder his ability to adequately investigate the charge or present his defense.

Dated this 30th day of September, 2015                     Dated this 30th day of September, 2015

DANIEL G. BOGDEN
United States Attorney

/s/ Carla B. Higginbotham
CARLA B. HIGGINBOTHAM
Assistant United States Attorney
Counsel for Plaintiff

/s/ Gabriel L. Grasso
GABRIEL L. GRASSO
Counsel for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>ERNESTO JOSHUA RAMOS,<br><br>Defendant. | Case No. 2:15-cr-00267-GMN-CWH<br><br>[PROPOSED] ORDER FOF PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. PRO. 16(d)(1) AND 18 U.S.C. § 3771 |

Based on the Stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and 18 U.S.C. §§ 3771(a)(1) & (8), that:

1.  Defense Counsel of Record shall maintain all discovery materials in this case in a secure place to which no person who does not have reason to know their contents has access and shall restrict viewing of discovery in this case only to Defendant, Defense Counsel of Record, Counsel for any additional targets or unindicated co-conspirators working on a joint defense with Defendant or Defendant's Counsel of Record, investigators of Defense Counsel of Record, staff working directly with Defense Counsel of Record, and expert witnesses retained by Defense Counsel of Record. Prior to providing access to these discovery materials to investigators, experts or staff, Defense Counsel of Record shall inform them of the contents of this Order and protections placed on these materials by the Court.

2.  Defendant shall not be permitted to have or view discovery materials outside the presence of Defense Counsel of Record.

3.  Defense Counsel of Record shall treat the contact information of the victim, including the victim's street addresses, telephone numbers, e-mail addresses, and employment information, whether obtained through discovery materials provided by the government or information independently acquired by the defense team, as "attorneys' eyes only." "Attorneys' eyes" may include a criminal investigator or a staff person working directly with

Defense Counsel of Record. This information shall not be disseminated to any person that is not identified in paragraph one above and shall be used only to investigate this case and to prepare the defense and for no other purpose.

4. During all proceedings in this case, all parties and witnesses shall refer to the victim by the pseudonym, "Victim 1."

5. In all papers filed with the Court, all parties shall refer to the victim by the pseudonym, "Victim 1."

6. In all papers filed with the Court that by necessity require disclosure of the name or other information concerning the victim, all parties shall file the papers under seal, while submitting to opposing counsel the unredacted pleading (provided that such pleading is not filed in camera) and submitting to the clerk of the Court:

   a. The complete paper clearly labeled "UNREDACTED" to be kept under seal; and,

   b. The paper with the portions of it that disclose the name of or other information concerning the victim redacted, and in the case of names, replaced by the pseudonym "Victim 1", for placement in the public record.

7. Either party may move to modify this order at any time, if the circumstances of this case change.

8. At the conclusion of the case, including any appeals, Defense Counsel of Record shall securely destroy the originals and all copies of discovery materials and any other information containing the victim's personally identifiable information and notify the government of their compliance with this Order.

Dated this ___5___ day of October, 2015.

_____
United States Magistrate Judge